DABLE GRAIN SHOVEL CO. *v.* FLINT *et al.*[1]

*(Circuit Court, N. D. Illinois.* March 31, 1890.)

PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—DEFENSES.

    Under Act Cong. March 3, 1839, (5 St. at Large 354,) which provides that any person who has purchased or constructed any newly-invented machine before the inventor's application for a patent may use and sell such machine without liability to the inventor, it is a complete defense to an action for infringing a patent that the machine used by the defendants was constructed for them by the patentee before he applied for the patent, though after obtaining it he demanded compensation for the use of said machine, which was refused.

At Law.

*William Zimmermann,* for plaintiff.

*Banning, Banning & Payson,* for defendants.

BLODGETT, J.    This is an action at law for the alleged infringement of a patent issued to John Dable on the 7th day of August, 1866, for an "improvement in machines for unloading railroad cars," and a patent granted to the said John Dable on the 28th day of July, 1868, for an improvement upon said first-mentioned patent, which patents, it is averred, were on the 8th day of December, 1880, duly assigned to the plaintiff, together with all claims and rights of action for past use of said patented devices; and by this action plaintiff seeks to recover damages for the use of the said patents, not only since it became the assignee thereof, but for the use of the same by defendants before such assignment.

Defendants have interposed numerous pleas in the case; but I deem it necessary to consider only the fourth, which is, in substance, that the only machines for unloading grain from railroad cars ever used by defendants during the life of either of said patents were constructed and put into use in defendants' grain elevators by the said patentee, John Dable, and with his consent and allowance, while he was in their employ as superintendent of machinery, and prior to his application for either of said letters patent, whereby defendants claim that they became possessed of the right to use all of said machines during the life of each of said patents without liability to the said John Dable or the plaintiff, as his assignee.    The parties have also filed a stipulation in the case admitting that the facts stated in the fourth plea are true, but with the further fact, to be considered in connection with the facts stated in the plea, that the patentee, when he obtained the patents in question, demanded compensation of the defendants for the use of his said invention.    By this stipulation the question submitted to the court is whether the plea states a valid defense to the action, admitting the fact that Dable, when his patents were issued, demanded compensation from defendants for their use.    Section 7 of the act of March 3, 1839, in relation to patents, (5 St. at Large, 354,) which was in force at the time

---

[1] Reported by Louis Boisot, Jr., of the Chicago bar.

these patents were granted, and has, substantially, been in force since that time, under the various re-enactments and revisions of the patent laws, provides that—

"Every person or corporation who has, or shall have, purchased or constructed any newly-invented machine, manufacture, or composition of matter, prior to the application by the inventor or discoverer for a patent, shall be held to possess the right to use, and vend to others to be used, the specific machine, manufacture, or composition of matter so made or purchased, without liability therefor to the inventor, or any other person interested in such invention."

The allegation in this plea that the machines used by the defendants were constructed by the patentee, John Dable, while in defendants' employ, and put into use in the defendants' elevators, by his consent and allowance, before he applied for his patents, seems to me to make a complete defense under this statute; and the only additional fact brought into the case by the stipulation, that when he obtained the patents, which must have been after they were applied for, Dable demanded compensation for the use of the patents, and the defendants refused to recognize his rights thereto, does not, in my opinion, affect the defense raised by the plea, because, if Dable had no right to compensation, a demand could not give him such right. By the showing of the plea, there was no patent upon these machines at the time they were constructed and put into use in the defendants' elevator, and such construction and use, according to the statements of the plea, was with the consent and allowance of the patentee. I do not see how a case could be made to bring the defense more clearly within the provisions of this statute than is made by this plea, and the additional fact stated in the stipulation does not change the effect of the plea. The plea is therefore held to be a complete defense to the suit.